IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHERRI R. LOWE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-0009-L** |
| | § | |
| **WELLCARE HEALTH PLANS, INC.,** | § | |
| **and IRVING GILBERT,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File Amended Petition, filed May 16, 2011; and Defendant Wellcare Health Plans, Inc.'s Motion to Stay Discovery or in the Alternative, Motion for Protection, filed November 8, 2011. For the reasons that follow, the court **grants** Plaintiff's Motion for Leave to File Amended Petition and Defendant Wellcare Health Plans, Inc.'s Motion to Stay Discovery.

### I.     Background

*Pro se* Plaintiff Sherri Lowe ("Lowe") filed this action against Wellcare Heath Plans, Inc. ("Wellcare") and Irving Gilbert (collectively "Defendants") on January 3, 2011, asserting various federal and state law claims and seeking recovery for payments allegedly due for services as an insurance agent. On April 11, 2011, Wellcare file moved to dismiss Lowe's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In its motion to dismiss, Wellcare contends that Lowe's federal claims are barred by *res judicata* because they were dismissed with prejudice in a prior

lawsuit by Lowe against Wellcare.* Wellcare contends that Lowe's state law claims also fail as a matter of law. Lowe subsequently moved for leave to file an amended complaint on May 16, 2011, "to correct the pleading deficiencies in her original petition." Pl.'s Mot. for Leave. Lowe's proposed amended pleading does not contain any federal claims. Wellcare objected to the motion for leave to amend.

## II.   Motion for Leave to Amend

Lowe's motion for leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Wellcare contends that Lowe's motion should be denied because it will be prejudiced by the amendment. Wellcare maintains that it will be prejudiced because Lowe's first federal lawsuit against it was dismissed and allowing Lowe to amend her pleadings will "serve no purpose other than continued unnecessary expenditure of time and resources over frivolous litigation." Wellcare Resp. 3.

It is within the court's sound discretion to determine whether to grant leave to amend the pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 provides that the court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the University of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004).

Although Lowe requested leave after the period for amending as a matter of course under Rule 15(a)(1)(B), this is her first attempt at amending her pleadings in this case, and no scheduling order has been entered. Additionally, since Lowe is proceeding *pro se* and Wellcare appears to

---

* In the prior lawsuit filed by Lowe against Wellcare, the court dismissed her federal claims with prejudice and dismissed her state claims "without prejudice to Plaintiff's right to bring the claims in state court." *Lowe v. Wellcare Health Plans, Inc.*, No. 3:09-CV-0806-D, 2009 WL 3047424 (N.D. Tex. Sept. 22, 2009).

**Memorandum Opinion and Order – Page 2**

acknowledge that Lowe's amendment will not affect its motion to dismiss, the court determines that the request for leave to amend should be granted.

## III.     Motion to Stay Discovery

According to Wellcare's Motion to Stay Discovery, Lowe served written discovery requests on Wellcare on October 28, 2011.  Wellcare requested but Lowe would not agree to extend its November 30, 2011 discovery deadline for objections and responses until after the court rules on the parties' outstanding motions, including Wellcare's motion to dismiss and a motion to strike filed by Lowe.  In light of the outstanding motions and Lowe's motion for leave to amend, the court determines that Wellcare's motion to stay discovery pending resolution of its motion to dismiss and Lowe's motion to strike should be granted.

## IV.     Conclusion

For the reasons herein stated, the court **grants** Defendant Wellcare Health Plans, Inc.'s Motion to Stay Discovery and Plaintiff's Motion for Leave to File Amended Petition. Accordingly, discovery is **stayed** until otherwise directed by the court, and Plaintiff is **directed** to file her Amended Complaint by **November 28, 2011**, which contains the same information as the proposed amended complaint previously submitted on May 16, 2011, in conjunction with Plaintiffs' motion for leave to amend.

In addition, the court desires briefing from the parties as to why the court should exercise jurisdiction over Lowe's state law claims after Plaintiff's Amended Complaint is filed.  The parties may each submit a brief **not to exceed seven pages, which is to be filed no later than November 29, 2011.**  No additional briefing is to be submitted unless directed by the court.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 21st day of November, 2011.

                                               Sam A. Lindsay
                                               United States District Judge

**Memorandum Opinion and Order – Page 4**