IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHERRI R. LOWE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-0009-L** |
| | § | |
| **WELLCARE HEALTH PLANS, INC.,** | § | |
| **and IRVING GILBERT,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the court's order of November 21, 2011, Plaintiff Sherri R. Lowe ("Lowe") filed her Amended Complaint and the parties submitted briefing as to why the court should exercise jurisdiction over Lowe's state law claims after the filing of her Amended Complaint. For the reasons that follow, the court declines to exercise jurisdiction over Lowe's pendent state law claims and **dismisses** this action **without prejudice**.

### I. Background

Lowe filed this action against Wellcare Heath Plans, Inc. ("Wellcare") and Irving Gilbert ("Gilbert") on January 3, 2011, asserting various federal and state law claims and seeking recovery for payments allegedly due for services as an insurance agent. On November 29, 2011, Lowe filed an Amended Complaint that included only state law claims.

### II. Analysis

#### A. Subject Matter Jurisdiction

In its one-page brief, Wellcare contends that the court lacks subject matter jurisdiction because diversity of citizenship is lacking and Lowe's Amended Complaint does not state a federal

Memorandum Opinion and Order – Page 1

claim necessary for federal question jurisdiction. Lowe, on the other hand, contends that the court has subject matter jurisdiction based on diversity and federal question jurisdiction because the action "arises under the Texas State Laws of the United States." Pl.'s Brief 3.

As correctly noted by the parties, subject matter jurisdiction can be based on diversity or federal question jurisdiction. A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.) A court also has jurisdiction over a civil action if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945

F.2d 803, 805 (5th Cir. 1991). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). If a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

According to Lowe's Amended Complaint, both she and Defendant Gilbert are residents of Texas. Thus, as was the case in Lowe's prior suit against Wellcare and Gilbert, Lowe has failed to allege the diversity of citizenship necessary to proceed under 28 U.S.C. § 1332. *See Stafford*, 945 F.2d at 804 ("[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."); *see also Lowe v. Wellcare Health Plans, Inc.*, No. 3:09-CV-0806-D, 2009 WL 3047424, at *1 (N.D. Tex. Sept. 22, 2009). Lowe's original Complaint, however, included a federal claim under the Fair Labor Standards Act. The court therefore had subject matter jurisdiction based on federal question jurisdiction when this action was first filed; however, because Lowe has elected not to pursue her only federal claim, the question the court must now decide is whether the court should entertain or dismiss Lowe's remaining state law claims.

### B.     Supplemental Jurisdiction

Although requested by the court, none of the parties' briefs addressed the specific issue of why the court should exercise jurisdiction over Lowe's state law claims after the filing of her Amended Complaint and the elimination of her only federal claim. As a general rule, courts "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227

(5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000). *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In deciding whether to exercise supplemental jurisdiction, courts consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id.* at 350-51. No single factor is dispositive. *Id.*

Here, Lowe's state claims do not involve novel or complex issues of state law; however, all of the remaining factors weigh in favor of the court declining to exercise supplemental jurisdiction. There has been minimal activity in the case since it was filed in January 2011. Although it appears the parties have conducted some discovery, the case is not set for trial, no scheduling order has been issued, minimal judicial resources have been expended, and the court has not addressed the merits of any of Lowe's state law claims. Likewise, there is no indication the parties have spent a sizeable amount of money or time preparing this litigation in federal court. The court further concludes that dismissal of this action without prejudice to Lowe's right to bring the claims in state court would not be unfair or inconvenient since, according to Lowe's pleadings, both Defendants are either located in or conduct business in the State of Texas.

### III.    Conclusion

For the reasons herein stated, the court **declines** to exercise supplemental jurisdiction over Lowe's pendent state law claims and **dismisses** this action **without prejudice** to Lowe's right to bring the claims in state court.

**It is so ordered** this 30th day of November, 2011.

Sam A. Lindsay
United States District Judge